0890

HAYWOOD MALL ASSOCIATES, Appellant v. SOUTH CAROLINA TAX COMMISSION

(353 S. E. (2d) 890)

Court of Appeals

*Bradford W. Wyche* and *Larry D. Estridge*, both of *Wyche, Burgess, Freeman & Parham, P.A.,* Greenville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Asst. Atty. Gen. Arlene D. Hand,* Columbia, *for respondent.*

Heard Dec. 17, 1986.

Decided Mar. 2, 1987.

GARDNER, Judge:

Haywood Mall Associates (Haywood) is a shopping mall; it appeals from two property tax assessments which were affirmed by the Greenville County Board of Assessment, by the South Carolina Tax Commission and by the Court of Common Pleas. The Court of Common Pleas consolidated the two issues which are now before us on appeal. We affirm.

Our standard of review is statutorily set forth by Section 1-23-380, Code of Laws of South Carolina (1976), as amended, of the Administrative Procedures Act, which provides in pertinent part the following:

> (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. ... The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are;
> (1) In violation of ... statutory provisions;
>
> * * *
>
> (4) Affected by other errors of law;
> (5) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. ...

The dispute before us involves tax assessment for the years of 1982 and 1983. The parties agree that the income

capitalization approach was a proper method to use. The actual dispute involves the figure that was used as the rental income for Haywood.

The average actual rent for the mall is $10.70 per square foot. The assessor, however, used a figure of $12.42, yielding a higher assessment than the average actual rent would justify. In arriving at the higher figure, the assessor applied not only the rent received, but also added a factor for tenant improvements. The tenant improvements were substantial because in most cases the mall leased only the shell and the lessee then installed improvements involving partitions, plumbing, wiring and lighting fixtures and other improvements and interior decorations.

The trial court agreed with the findings of the Tax Commission to the effect that the improvements made by the tenants should be included as a factor in establishing the rent to be used for capitalization. In support it cited Section 12-37-10, Code of Laws of South Carolina (1976):

> "Real" property shall mean not only land, city, town and village lots but also all structures and other things therein contained or annexed or attached thereto. ...

The main point made by Haywood is that one must look at actual income because under the income capitalization method of appraisal or assessment only actual income can be considered; this is the only issue of merit presented to this court.

Haywood relies upon the definition of the income or capitalization of income approach to property appraisal set forth in the case of the *South Carolina Tax Comm. v. South Carolina Tax Bd. of Review, Baker and Baker, et al.*, 287 S. C. 415, 339 S. E. (2d) 131 (Ct. App. 1985). In their reliance on *Baker* Haywood overlooks the footnote to the definition given which reads, "the capitalization of income approach to appraising commercial property involves more factors than the simple explanation given above, but the above definition is the core of the principle."

We find no error in the appealed order's holding that in the situation before us, the assessor properly added a factor for tenant improvements to the actual rent received; this because the improvements which constitute fixtures become

the property of the lessor and thus there is a value yield above and beyond the pecuniary yield from rent to be realized by Haywood upon the termination of each lease.

Based on the above, we find no error of law and further find that there is of record reliable, probative and substantial evidence to support the appealed order.

For the reasons stated, the appealed order is affirmed.

Affirmed.

SANDERS, C. J., and SHAW, J. concur.